IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Dawn Cardona | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. FCI Lender Services, Inc<br>8180 Kaiser Blvd.,<br>Annaheim Hills, CA 92808 | ) | July Demand Requested |
| | ) | |
| Defendant | ) | |

## COMPLAINT

Now comes Plaintiff, by and through his attorney, and, for their Complaint alleges as follows:

1. Plaintiff, Dawn Cardona, bring this action to secure redress from unlawful collection practices engaged in by Defendant, FCI Lender Services, Inc.. Plaintiff alleges violation of the the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692e

3. The FDCPA stringently requires that a Debtor be given their rights under 15 U.S.C. Section 1692g (commonly known as the "Mini-Miranda" rights" within five days of receiving their initial communication.

4. In *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380 (7th Cir. 2010), the Seventh Circuit Court of Appeals stated that when deciding whether a communication is "in connection to the collection" of a debt the central question is whether it is an attempt to induce payment. *Whalen vs.*

*Specialized Loan Servicing, LLC*, 15-cv-410-bbc, (NDIL 2016).

5. Courts throughout the Seventh Circuit have stated clearly that supposed "Bankruptcy Disclaimer" does not shield a debt collector when all of the other factors in Gburek point to a communication "in connection with attempt to collect a debt." See *Green vs. Specialized Loan Servicing*, LLC, 15-cv-513-jdp, (W.D., 2016), *Whelan vs. Specialized Loan Servicing, LLC*, 15-cv-410-bbc, (W.D., Wis., 2016), *Price vs. Seterus*, 15 SC 7541, (N.D. Ill., 2016).

## JURISDICTION AND VENUE

6. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

7. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

8. Plaintiffs incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

9. Plaintiffs are a resident of the State of Illinois.

10. Defendant ("FCI Lender Services, Inc."), is an California business entity with an address of 8180 Kaiser Blvd., Annaheim Hills, CA 92808 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

11. Unless otherwise stated herein, the term "Defendant" shall refer to FCI Lender Services.

12. Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

13. At all relevant times, Defendant owned the Debt or was retained to collect

the Debt.

14. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. Section 1692(a)(5)

## FACTS APPLICABLE TO ALL COUNTS

15. Plaintiff filed for Chapter 7 Bankruptcy on November 18, 2010.
16. Plaintiff was Discharged from her Bankruptcy on February 15, 2011.
17. After to filing of this Bankruptcy Debtor Plaintiff's original mortgage loan note was transferred to Defendant at a time when Plaintiff was in default for her mortgage.
18. Not only did Plaintiff not Reaffirm this debt, he made clear in his Bankruptcy petition that he was Surrendering the house as part of the Bankruptcy.
19. On August 26, 2016, Defendant received assignment of this debt.
20. There was absolutely no letter sent by the Defendant to provide the requied notice of 15 U.S.C. Section 1692g(a) to the Plaintiffs.
21. On or about January 15, 2017, Plaintiff received the attached letter. See Exhibit A.
22. The top right of the letter states the amount due is "119,141.41." this amount is due by February 1, 2017 and if it's late, there is a $39.53."
23. Said letter lists "total assessed late charges" of $39.53." See Exhibit A.
24. There is a payment coupon which states the amount in paragraph 22 of this Complaint.
25. The only relationship between the Plaintiff and Defendant is that the Defendant is collecting a debt for the original creditor.
26. This is clearly a demand for a payment.
27. The only purpose of this letter is a demand for a payment.
28. This letter states that Plaintiff owes money that she does not legally owe.

**FAIR DEBT COLLECTION PRACTICE ACT VIOLATIONS**

29. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.
30. Defendant violated 15 U.S.C. Section 1692e by collecting on a debt that it had no legal right to collect on.
31. Defendant violated 15 U.S.C. Section 1692f by collecting on a debt that it had no legal right to collect on.

## JURY DEMAND

32. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

33. Plaintiffs demand the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:
 (1) Statutory damages;

 (2) Attorney fees, litigation expenses and costs of suit; and

 (3) Such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, P.C.
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff