IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAWN CARDONA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 1278 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| FCI LENDER SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Dawn Cardona brought a complaint against defendant FCI Lender Services, Inc., alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Defendant moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the complaint is insufficiently pled because plaintiff failed to attach the letter that allegedly violates the FDCPA, and that the letter that plaintiff failed to attach to the complaint does not violate the FDCPA. In support of these arguments, defendant attached to its motion the following documents: an affidavit of mortgage settlement executed by plaintiff, with attachments (Exhibit 1); a response filed in the underlying foreclosure action, with attachments (Exhibit 2); letters sent to plaintiff regarding the transfer of her mortgage loan (Exhibit 3); and the letter that plaintiff failed to attach to her complaint (Exhibit 4). Because Exhibits 1 through 3 were outside the pleadings and could not be considered by the court on review of a motion to dismiss under Fed. R. Civ. P. 12(b), the court treated defendant's motion as one for summary judgment pursuant to Fed. R. Civ. P. 56. and Fed. R. Civ. P. 12(d). The court granted plaintiff leave to present any material pertinent to the motion and defendant replied. For the reasons discussed below, defendant's motion is granted.

**BACKGROUND**[1]

Plaintiff and her husband entered into a mortgage agreement in 2009, which has been in default since 2010. According to plaintiff, she filed for bankruptcy in late 2010, making clear that she was surrendering the house as part of the bankruptcy. Plaintiff received a discharge on the debt on February 15, 2011. A complaint to foreclose on the property was subsequently filed. Throughout that protracted litigation plaintiff's loan was transferred twice, once in 2014 and again in 2016. Both times, plaintiff received a letter informing her that defendant was the servicer of the loan. In January 2017 plaintiff received a letter regarding the status of her past due account. According to plaintiff, that letter violates the FDCPA because it was an attempt to collect a debt for which defendant had no legal right to collect.

**DISCUSSION**

**I.     Legal Standard**

Summary judgment is appropriate when the moving papers and affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once a moving party has met its burden, the nonmovant must go beyond the pleadings and set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c); Becker v. Tenenbaum-Hill Assoc., Inc., 914 F.2d 107, 110 (7th Cir. 1990). The court considers the evidence as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. Green v. Carlson, 826 F.2d 647, 651 (7th Cir. 1987).

---

[1] The following facts are taken from plaintiff's complaint and supplemental materials and defendant's exhibits.

A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The nonmoving party must, however, "do more than simply show that there is some metaphysical doubt about the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be some evidence on which the jury could reasonably find for the [nonmoving party]." Anderson, 477 U.S. at 252.

**II.     Analysis**

The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of a debt," including "[t]he threat to take any action that cannot legally be taken" and "the use of unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692e, 1692f. Whether a debt collector's communication is false, deceptive, or misleading is evaluated "through an objective standard of the 'unsophisticated consumer.'" Simkus v. Cavalry Portfolio Services, LLC, 12 F.Supp.3d 1103, 1107 (N.D. Ill. 2014) (quoting Fields v. Wilber Law Firm, P.C., 383 F.3d 562, 564 (7th Cir. 2004)). "This standard assumes that the debtor is 'uninformed, naive, or trusting,' but nonetheless possesses 'rudimentary knowledge about the financial world' and is 'capable of making basic logical deductions and inferences.'" Washington v. Portfolio Recovery Associates, LLC, 211 F.Supp.3d 1041, 1048 (N.D. Ill. 2016) (quoting Fields, 383 F.3d at 564)). "While the unsophisticated consumer standard presumes a level of sophistication that is low, close to the bottom of the sophistication meter, the standard admits an *objective element of reasonableness* that protects debt collectors from liability for unrealistic interpretations of

3

collection letters." McCabe v. Crawford & Co., 210 F.R.D. 631 (N.D. Ill. 2016) (internal quotations omitted) (emphasis supplied).

Whether an unsophisticated consumer would find the debt collection language misleading is a question of fact. Lox v. CDA, Ltd., 689 F.3d 818, 822 (7th Cir. 2012). Where "the allegedly offensive language is plainly and clearly not misleading, no extrinsic evidence is needed to show that the reasonable unsophisticated consumer would not be confused by the pertinent language. Id. Additionally, "when the letter itself does not plainly reveal that it would be confusing to a significant fraction of the population, the plaintiff must come forward with evidence beyond the letter and beyond his own self-serving assertions that the letter is confusing in order to create a genuine issue of material fact for trial." Durkin v. Equifax Check Servs., Inc., 406 F.3d 410, 415 (7th Cir. 2005).

Keeping these principles in mind, the threshold question the court must address is whether the letter plaintiff complains of triggered the FDCPA. In order to do so, two criteria must be met: (1) defendant must qualify as a debt collector, and (2) the letter must have been sent in connection with the collection of a debt.[2] Gburek v. Litton Loan Servicing LP, 614 F.3d 380, 384 (7th cir. 2010). Because defendant does not dispute that it is a debt collector, the court will address only the second prong of the inquiry.

---

[2] The Seventh Circuit has held that the second criterion should be analyzed objectively, rather than subjectively, but has not explicitly held that it should be analyzed using the unsophisticated consumer standard. See Ruth v. Triumph Partnerships, 577 F.3d 790 (7th Cir. 2009). Consequently, courts in this district are split as to whether the analysis should utilize the unsophisticated consumer standard or a reasonable consumer standard. Caprel v. Specialized Loan Servicing, Inc., 2016 WL 4678313, at *3–4 (Sep. 7, 2016) (collecting cases that utilize both standards). The court need not weigh in on this debate because plaintiff's claim fails even under the more generous unsophisticated consumer analysis.

According to plaintiff, the letter sent by defendant violates the FDCPA because it lists an amount due, including potential late charges, and "is clearly a demand for payment." According to defendant, the letter was sent for informational purposes only and therefore does not trigger, much less violate, the FDCPA. Indeed, as defendant points out, plaintiff fails to even address a bold-faced acknowledgment found on the first page of the letter that plaintiff's account is in foreclosure. Plaintiff also misapprehends the effect of the following language found on the second page of the letter:

> **IMPORTANT NOTICE: IF YOU OR YOUR ACCOUNT ARE SUBJECT TO PENDING BANKRUPTCY PROCEEDINGS, OR IF YOU RECEIVED A BANKRUPTCY DISCHARGE ON THIS DEBT, THIS STATEMENT IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT. IF YOU ARE NOT IN BANKRUPTCY OR DISCHARGED OF THIS DEBT, BE ADVISED THAT FCI IS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Plaintiff cites three district court cases to support her argument that the above bankruptcy disclaimer does not detract from her claim that the letter was sent to collect a debt. All of those cases are inapposite.

Plaintiff first cites Whalen v. Specialized Loan Servicing, LLC, but fails to mention that the Whalen court analyzed two different communications and found that one of them, which was most analagous to the letter at issue in the instant case, was not an attempt to collect a debt because the court saw "no language in the letter that would lead plaintiff to doubt that the bankruptcy disclaimer applied to her." 155 F.Supp.3d 905, 911 (W.D. Wis. 2016). Plaintiff also cites Green v. Specialized Loan Servicing, LLC, to support her argument. 2016 WL 3963255 (W.D. Wis. July 21, 2016). That court found that a similar bankruptcy disclaimer, which was

5

*preceded* by a notice that the letter was sent in an attempt to collect a debt, was "outweighed by the other aspects of the communications that indicate[d] an attempt to collect a debt." Id. at *4. In short, the court concluded that the *purpose and context of the letter as a whole* indicated that it was an attempt to collect a debt. Finally, plaintiff cites Caprel v. Specialized Loan Servicing, Inc., which analyzes a letter that contains a similar bankruptcy disclaimer, but is factually distinct from the letter at issue in the instant case. 2016 WL 4678313. In concluding that a reasonable consumer would feel obligated to pay the debt at issue, the Caprel court relied heavily on a "Frequently Asked Questions" section in the letter that indicated that the plaintiff would face adverse consequences if the debt was not paid. Again, the court analyzed the purpose and context of the letter to come to that conclusion.

Objectively evaluating the purpose and context of the letter as a whole in the instant case, as the court must, Gburek, 614 F.3d 380, the court concludes that it was not sent as an attempt to collect a debt. When she received the letter, plaintiff had been in default on her loan for seven years, had spent five years fighting foreclosure, and had the debt discharged after she filed for bankruptcy protection.

The only reasonable interpretation of the letter, even to an unsophisticated consumer, is that it was intended for informational purposes only, and not an attempt to collect a debt, when received by a person, like plaintiff, whose debt has been discharged in bankruptcy. When read as a whole and in the context that it was received, the letter is plainly and clearly not misleading. Because no reasonable juror could find that the letter was an attempt to collect a debt, and plaintiff's self-serving affidavit is insufficient to create a genuine issue of material fact as to the nature of the letter, defendant's motion is granted.

6

## CONCLUSION

For the reasons stated above, defendant's motion for summary judgment (Doc. 4) is granted.

**ENTER:　　August 16, 2017**

*[signature: Robert W. Gettleman]*

**Robert W. Gettleman
United States District Judge**